THE STATE, Defendant in Error, *vs.* RUTHVEN, Plaintiff in Error.

1. A writ of error does not lie to the action of the court upon a special plea, or a motion to discharge in a criminal case, until final judgment.

### *Error to Cole Circuit Court.*

*Morrow, Edwards* and *Parsons,* for plaintiff in error. The discharge of the juries by the court, without the consent of the defendant, before the end of the term, was a bar to all subsequent proceedings. The special plea therefore, was good, or at least the motion for a discharge should have been sustained. It is not necessary for the defendant to wait for a verdict before a writ of error will lie. The very matter of which he complains is, that he cannot get a verdict, because the court discharges the juries empanneled to try him.

*Gardenhire,* for defendant in error, was stopped by the court.

GAMBLE, Judge, delivered the opinion of the court.

The defendant stands indicted in the Circuit Court of Cole county, for murder. A jury was empanneled to try the case, and, without the consent of the defendant, and before the end of the term, they were discharged by the court, and the cause

continued. At a subsequent term, the defendant endeavored to avail himself of the act of the court in discharging the jury by a special plea, setting up the fact as a bar to all further prosecution of the indictment. To this plea, there was a demurrer, which was sustained. A motion was made to discharge defendant, which was overruled. Again, a jury was empanneled to try the case, and after hearing the evidence and retiring from the bar to consider of their verdict, they were discharged by the court before the end of the term, and without the consent of the defendant, because of the sickness of one of the jurors. The defendant again moved to be discharged, and the motion was overruled, and the cause now stands continued in the Circuit Court. The defendant has sued out his writ of error, in order to have the action of the court on his motions for discharge and his special pleas reviewed by this court.

1. Writs of error and appeals are allowed in all criminal cases, but neither in civil nor criminal cases does a writ of error lie to any other than a final judgment. R. C. 888, section 1. There is in this case no final judgment. The writ of error is, with the concurrence of all the judges, dismissed.